IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD PERRY, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00240 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| NEW RIVER VALLEY REGIONAL ) | Chief United States District Judge |
| JAIL, ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**

Ronald Perry, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the New River Valley Regional Jail. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

**I.  Background**

Perry is currently incarcerated at the New River Valley Regional Jail. He claims that he is "being denied the right to contact [his] attorney by phone or by mail because [he doesn't] have the address." Compl., ECF No. 1, at 2. He alleges that his collect calls have not been answered and that he "keep[s] getting told attorneys don't want the[ir] clients contacting them from jail." Id. at 3.

**II.  Standard of Review**

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. On review, the court must dismiss a complaint if it is "frivolous, malicious,

or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639

(4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a viable claim for relief under § 1983.

First, a local jail is not a "person" subject to liability under § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992) (holding that local jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Thus, the New River Valley Regional Jail is not a proper defendant.

Second, even if Perry had named a proper defendant, the complaint does not contain sufficient facts to state a constitutional claim. To state a claim for denial of access to the courts, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendant's actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). Because Perry's complaint does not identify any actual injury, it fails to state a claim for denial of access to the courts.

For similar reasons, the complaint fails to state a plausible violation of the Sixth Amendment right to counsel. The Supreme Court has explained that relief for infringement of the right to counsel requires "some adverse effect upon the effectiveness of counsel's representation or . . . some other prejudice to the defense." United States v. Morrison, 449 U.S. 361, 365 (1981). While Perry alleges that he has not been able to contact his attorney from

3

the jail, he does not identify any resulting prejudice. Thus, the complaint fails to state a cognizable claim under the Sixth Amendment. See Aurelio v. Joyce, 683 F. App'x 731, 735 (10th Cir. 2017) ("[Plaintiff's] general allegation that he was denied telephone contact with his attorneys—without regard to the duration of the contact restriction, the nature of the legal proceedings happening at the time, or the type of harm that resulted—is insufficient to show that he 'plausibly (not just speculatively) has a claim for relief.'") (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008)).

## IV. Conclusion

For the foregoing reasons, the court concludes that Perry's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses.* An appropriate order will be entered.

Entered: June 6, 2023

*Digitally signed by Michael F. Urbanski Chief U.S. District Judge*
*Date: 2023.06.06 18:10:01 -04'00'*

Michael F. Urbanski
Chief United States District Judge

---

\* The court notes that Perry's allegations largely mirror those asserted in Perry v. O'Dell, No. 7:23-cv-00242 (W.D. Va.). Perry is advised that he may not file duplicative complaints against the same defendant asserting the same claims for relief. Any duplicative action will be dismissed. See McClary v. Lightsey, 673 F. App'x 357, 357 (4th Cir. 2017) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious . . . .").